IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVERARDO PEREZ-GARCIA, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 7216 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| VILLAGE OF MUNDELEIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

As a result of his detention at the Lake County jail for nearly one month, Everardo Perez-Garcia sues Lake County and its sheriff, Gary Del Re, as well as others, for violating his civil rights under 42 U.S.C. §1983, false imprisonment, and spoilation of evidence. Lake County and Del Re move to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).[1]

### BACKGROUND

For purposes of this motion, the court accepts all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of Perez-Garcia.[2] *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). On November 9, 2003, Perez-Garcia was driving his car in Grayslake, Illinois, when a Grayslake police officer stopped him without probable cause and arrested him because of an outstanding warrant for another person with a similar name, Everardo Perez-Trujillo ("Trujillo"). Prior to his arrest, Perez-Garcia showed the police officer his

---

[1] Del Re answered Count II.

[2] The motion to dismiss mistakenly refers to the complaint as an amended complaint.

1

identity and vehicle registration cards listing his correct name, address and birthday and told the officer he was not Trujillo. Perez-Garcia's height and weight at the time of arrest were different than Trujillo's height and weight as described in the police database. Perez-Garcia repeatedly informed police officers and sheriff's deputies that he was not Trujillo. Nevertheless, he was arrested and taken to Lake County jail. He was processed as Trujillo according to jail intake procedures. He remained incarcerated under Trujillo's name for almost one month.

Sheriff Del Re was responsible for setting and supervising the policies, practices and procedures of all activities of his office, including jail procedures. Consistent with intake procedures, the Lake County jail took Perez-Garcia's photograph and fingerprints and created a mug-shot bearing Trujillo's name. The jail also confiscated Perez-Garcia's identification card, which listed his correct name and birthday. Perez-Garcia repeatedly told sheriff's deputies that he was not Trujillo, but nevertheless he was detained under Trujillo's name.

On December 1, 2003, through the efforts of a public defender, the Lake County Circuit Court ordered Perez-Garcia's release because he was not the correct defendant. Despite the court order, the Lake County jail did not release Perez-Garcia until the following day. The sheriff's deputies held him an extra day because the Immigration and Naturalization Services put a hold on Trujillo's release for alleged immigration violations. When Perez-Garcia's lawyer demanded his release on December 1 because he was not the correct defendant, the sheriff's deputies relied on their false intake records as proof that Perez-Garcia was Trujillo. Perez-Garcia was finally released in the late morning or early afternoon of December 2, 2003.

Perez-Garcia and his attorneys then tried to gather documents generated by the sheriff's and state's attorney's offices relating to the arrests, prosecution and incarceration of Trujillo and Perez-Garcia. They were informed that the files had been misplaced or lost except for a few documents.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

### II. Lake County's Motion to Dismiss

Lake County seeks dismissal of all three claims against it. The county recognizes it is an indispensable party to the litigation because it is liable for any judgment entered against Del Re in his official capacity as Lake County Sheriff. *See Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) (holding that Illinois county is a necessary party in any suit seeking damages from an independently elected county officer, such as a sheriff, in an official capacity); *Cooper v. Sheriff of Will County*, 333 F. Supp. 2d 728 (N.D. Ill. 2004). Because Del Re answered Count II and his motion to dismiss Counts I and III is denied, there is no dispute Lake County remains a defendant because its liability "rises and falls" with that of the sheriff. *See Wallace v. Masterson*, 345 F. Supp. 2d 917, 926 (N.D. Ill. 2004).

The question remains whether the complaint states a claim against Lake County separate and apart from its potential liability to satisfy a judgment against the sheriff. Lake County argues that as a matter of law it is not vicariously liable for the actions of employees of the sheriff or state's attorney. Lake County is correct. *See Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926 (1994) (no vicarious liability for acts of sheriff's office); *Biggerstaff v. Moran*, 284 Ill. App. 3d 196, 671 N.E.2d 781 (1st Dist. 1996) (no vicarious liability for acts of state's attorney's office). Nor is Lake County *directly* liable for the alleged practices, policies or customs alleged in the complaint. *See Wallace*, 345 F. Supp. 2d at 927 (explaining county is not liable for practices, policies or actions of sheriff because the county has no authority to control office of sheriff). Consequently, Perez-Garcia cannot maintain his claims directly against Lake County.

In his response memorandum, Perez-Garcia concedes Lake County was named a defendant for the sole purpose of paying a potential judgment against Del Re or any of the unnamed sheriff's deputies. However, his complaint seeks to hold Lake County directly liable in Counts I, II and III. Therefore, Lake County's motion to dismiss the three substantive claims against it must be granted. To the extent Lake County remains a nominal defendant only for the purpose of paying a potential judgment, the county is not required to participate in discovery. *See Wallace*, 345 F. Supp. 2d at 928.

### III. Del Re's Motion to Dismiss

Del Re seeks to dismiss Counts I and III for failure to state a claim.

#### A. Count I: Section 1983 Claim.

In order to state a claim against Del Re in his official capacity under § 1983, Perez-Garcia must allege that he suffered a deprivation of a federally protected right, and the deprivation resulted

4

from an official policy, custom, or practice. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Harris v. Sheahan*, 1999 U.S. Dist. LEXIS 1367, at *5 (N.D. Ill. Feb. 4, 1999). The Supreme Court has made clear that there is no heightened pleading standard for § 1983 suits. Complaints need only provide a short and plain statement of the claim that will give the defendants fair notice of the plaintiff's claim and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 167 (1993).

### 1.    Deprivation of Federally Protected Right.

Perez-Garcia alleges he was deprived of "his liberty guaranteed by the Constitution of the United States" as a result of his detention. Complaint, ¶ 37. Claims based on continued detention of individuals after arrest on a valid warrant (even when the warrant is for someone else) are governed by the due process clause. *See Panfil v. City of Chicago*, 2002 U.S. App. LEXIS 17960, at *10 (7th Cir. Aug. 28, 2002). Jailing a person for a period of time over his vigorous protest that he is the wrong person, without investigation or bringing him before a magistrate, can raise serious constitutional questions under the due process clause. *See Baker v. McCollon*, 443 U.S. 137, 144 (1979).

In both *Panfil* and *Baker*, complaints were dismissed because plaintiffs did not allege due process violations resulting from their mistaken detainment. In both cases, plaintiffs were detained for just a few days before release. Both courts found no due process violation in light of the short duration of the detentions. However, both courts recognized that detention of a plaintiff "pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty... without due process of law.'" *Baker*, 443 U.S. at 144-45; *Panfil*, 2002 U.S. App. LEXIS 17960, at *12.

5

Perez-Garcia alleges he was jailed for nearly one month over his vigorous and repeated protests that he was the wrong person. Impliedly, there was no investigation of his true identity. He alleges he provided jail personnel his identification card, repeatedly told them he was not Trujillo and his physical appearance did not match Trujillo's description in the police database. His detention continued for a day after a court ordered his release. Perez-Garcia's allegations go far beyond those asserted in *Panfil* and *Baker* and sufficiently state a deprivation of due process rights.

### 2. Official Policy, Custom or Practice.

Del Re argues the complaint fails to allege a policy or practice that caused the claimed constitutional deprivation. The only case cited by Del Re in support of his argument is *Palmer v. Marion County*, 327 F.3d 588 (7th Cir. 2003). *Palmer* was decided on summary judgment and considered whether there was sufficient evidence in the record to establish the alleged jailhouse practice. *Palmer* did not relate to pleading requirements.

A policy violates the constitution if: (1) an express written policy causes the deprivation; (2) the constitutional injury results from a decision made by a municipal employee with policymaking authority; or (3) the constitutional deprivation follows due to such a widespread practice of the municipality that it constitutes custom with the force of law. *Harris*, 1999 U.S. Dist. LEXIS, at *5; *Fuentes v. Sheahan*, 2004 U.S. Dist. LEXIS 13436, at *5 (N.D. Ill. July 19, 2004). The court cannot grant Del Re's motion unless it "appears beyond a doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Conley*, 355 U.S. at 45-46.

The complaint alleges Del Re was responsible for setting and supervising the policies, practices and procedures of the sheriff's office, including the policies, practices and procedures of the Lake County jail. It also alleges Del Re, "under color of the statutes and ordinances of the State

of Illinois, and the routine customs and practices of the agents and instruments of Lake County" deprived Perez-Garcia of his liberty guaranteed by the Constitution. Complaint, ¶37. The complaint contains specific allegations about Del Re's alleged jail procedures. Those procedures did not require confirmation of Perez-Garcia's identity even when he repeatedly told jail personnel he was not Trujillo, gave them supporting identification, and even though his physical appearance did not match Trujillo's description in the police database. The complaint alleges the sheriff's deputies continued to detain him even after a court order for his release. Drawing all reasonable inferences in Perez-Garcia's favor, the complaint sufficiently alleges a policy, practice or custom of the sheriff's department that caused a constitutional deprivation. *See Fuentes*, 2004 U.S. Dist. LEXIS 13436, at *2-4 (denying motion to dismiss where plaintiff challenged the procedures by which he was wrongfully detained). Del Re's motion to dismiss Count I of the complaint must therefore be denied.

### B. Count III: Spoilation of Evidence.

Count III asserts a spoilation of evidence claim against Lake County and Del Re. Perez-Garcia alleges the Lake County sheriff's office and state's attorney's office lost or destroyed documentary materials relating to his and Trujillo's arrests, prosecution and incarceration. Del Re moves to dismiss Count III because Perez-Garcia has not identified the missing records or explained how their loss or destruction denies him the reasonable probability of succeeding on his underlying claims.

Illinois does not recognize a separate tort for spoilation of evidence. Rather, a claim for negligent spoilation falls under negligence law. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 194, 652 N.E.2d 267, 270 (1995). A plaintiff must plead the existence of a duty owed by the defendant to the

plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Id.* at 194-5, 270. Perez-Garcia satisfies the first two elements by alleging that defendants "breached the duty of preservation owed to" him by losing the records. Complaint, ¶43. Del Re's motion does not seriously challenge these first two elements, but rather, he challenges the sufficiency of elements three and four. He argues the complaint is insufficient because it fails to identify the missing documents or to explain how the loss or destruction of those documents precludes Perez-Garcia the reasonable probability of succeeding in this case. In support of his argument, he cites *Welton v. Ambrose*, 351 Ill. App. 3d 627, 814 N.E.2d 970 (4th Dist. 2004). *Welton* was decided on summary judgment and considered whether plaintiff presented sufficient evidence to prove causation. *Welton* does not support dismissal of Count III as a matter of law.

The Illinois Supreme Court has clearly articulated the requirements for pleading causation and damages in a negligent spoilation claim. A plaintiff must allege that the loss or destruction of evidence resulted in his inability to prove an otherwise valid, underlying claim. *Boyd*, 166 Ill.2d at 196-7, 652 N.E.2d at 271. This does not mean a plaintiff must first lose his underlying lawsuit before filing a negligent spoilation claim. A plaintiff can bring a negligent spoilation claim concurrently with the underlying suit on which it is based. *Id.* at 198, 272. Perez-Garcia's complaint alleges the sheriff's office lost documents related to his and Trujillo's arrests, prosecution and incarceration, and that the lost documents constitute material evidence supporting his underlying claims. He alleges that in the event the trier of fact finds against him on the underlying claims, the loss of evidence "proximately caused his inability to prove" his underlying claims. Complaint, ¶ 44. These allegations satisfy the pleading requirements articulated by the Illinois Supreme Court in *Boyd*. As a result, Del Re's motion to dismiss Count III must be denied.

## CONCLUSION

Lake County's motion to dismiss Counts I, II and III as to it is granted. Del Re's motion to dismiss Counts I and III is denied. He shall answer Counts I and III by February 15, 2005.

February 7, 2005

ENTER:

Suzanne B. Conlon
United States District Judge